THOMAS W. THRASH, JR., United States District Judge *1293 Before the Court are two pending motions filed by Defendants The Art Institute of Atlanta, LLC, The Art Institute of Austin, Inc., The Art Institute of Dallas, Inc., The Art Institute of Houston, LLC, The Art Institute of San Antonio, Inc., The Art Institute of Tampa, Inc., The Art Institute of Virginia Beach, LLC, and Miami International University of Art & Design, Inc. (the "AI Defendants").
The first is the Motion for Preliminary Injunction (D.E. 30). The AI Defendants seek an injunction ordering the Plaintiff MasterMind Involvement Marketing, Inc. ("MasterMind") to transfer control of certain social media accounts and their login information back to them. The second is the Motion for Joinder and for Leave to File Amended Answer and Counterclaims (D.E. 32). The AI Defendants seek to add their parent company, The Arts Institutes International, LLC ("AII"), as a counterclaim plaintiff with respect to each of their counterclaims.
The Court, having carefully reviewed the full record and all submissions and arguments of counsel, including at the hearing on July 9, 2019, hereby GRANTS the Motion for Preliminary Injunction and ORDERS that MasterMind transfer to the AI Defendants and AII complete control over, and access to, the sixteen social media accounts in dispute, including all login information to the accounts, as set forth in greater detail below.
The Court further GRANTS the Motion for Joinder and for Leave to File Amended Answer and Counterclaims, and ORDERS that AII be joined as a counterclaim plaintiff and directs the AI Defendants and AII to file an Amended Answer and Counterclaims.
In further support of this Order, the Court states as follows:
1. MasterMind filed this lawsuit against the AI Defendants to recover payment for social media marketing services that MasterMind performed pursuant to a contract with the AI Defendants' and AII's former parent company and former owner, Dream Center Education Holdings, LLC ("DCEH"). See D.E. 1. MasterMind's complaint asserted claims against the AI Defendants for breach of contract, unjust enrichment, quantum meruit, and attorneys' fees.
2. The AI Defendants answered the complaint and filed counterclaims against MasterMind for misappropriation of trade secrets under the Georgia Trade Secrets Act, conversion, breach of fiduciary duty, negligence, and violation of the Computer Fraud and Abuse Act. See D.E. 20. The AI Defendants' counterclaims arise out of MasterMind's refusal to transfer back to them sixteen social media accounts (and the accounts' login information) that MasterMind acquired control of pursuant to its contract with DCEH. The AI Defendants then filed a Motion for Preliminary Injunction seeking an order requiring MasterMind to transfer the sixteen social media accounts (and the accounts' login information) back to the AI Defendants and AII. See D.E. 30. MasterMind opposed the Motion for Preliminary Injunction (D.E. 35), and the AI Defendants filed a reply in support thereof (D.E. 39).
3. The AI Defendants also filed a Motion for Joinder and for Leave to File Amended Answer and Counterclaims seeking to join AII as a counterclaim plaintiff with respect to each of their counterclaims on the basis that AII is the legal entity *1294 that owns the sixteen social media accounts. See D.E. 32. MasterMind did not oppose this motion.
4. The Court first addresses the Motion for Joinder and for Leave to File Amended Answer and Counterclaims, and finds that it is due to be granted. Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." The Court finds that AII can be permissively joined as a counterclaim plaintiff under Rule 20(a)(1) because (1) the AI Defendants and AII assert a right to relief jointly against MasterMind that arises out of the same transaction or occurrence; and (2) there are common questions of law and fact among the AI Defendants and AII. AII owns the social media accounts that are the subject of the AI Defendants' counterclaims against MasterMind and the Motion for Preliminary Injunction to retrieve those accounts. Accordingly, AII is due to be joined as a counterclaim plaintiff with respect to each of the counterclaims. On this same basis, the Court further grants the AI Defendants' request to leave to amend the Answer and Counterclaims to properly name AII as a counterclaim plaintiff.
5. The Court next addresses the Motion for Preliminary Injunction. Based on the Court's finding that AII is due to be joined, it will treat this Motion as having been filed by the AI Defendants and AII jointly. It is well established that a preliminary injunction may be issued when the movant demonstrates "(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction is issued, and (4) an injunction would not disserve the public interest." Odebrecht Const., Inc. v. Secretary, Florida Dep't of Transp. , 715 F.3d 1268, 1273-74 (11th Cir. 2013).
6. Applying the Rule 65 elements to the facts of this case, the Court finds that the Motion for Preliminary Injunction is due to be granted.
7. Under the first element, the Court need only find that the AI Defendants and AII have a substantial likelihood of succeeding on one of their counterclaims. See Atlanta Sch. of Kayaking, Inc. v. Douglasville-Douglas Cty. Water & Sewer Auth. , 981 F. Supp. 1469, 1472 (N.D. Ga. 1997). Here, the Court finds that they have a substantial likelihood of success on at least their counterclaim for conversion. In Georgia, "to establish a claim for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Internal Med. All., LLC v. Budell , 290 Ga. App. 231, 239, 659 S.E.2d 668, 675 (2008). The evidence in the record establishes that AII has valid legal title to the social media accounts and login information; that MasterMind currently has actual possession of the social media accounts and login information; that the AI Defendants and AII demanded return of the accounts and login information, and that MasterMind has refused to transfer back the accounts and login information to the AI Defendants and AII. Therefore, the AI Defendants and AII have a substantial likelihood of succeeding on this counterclaim.
*1295 8. Under the second element, the Court finds that the AI Defendants and AII will suffer irreparable harm in the absence of an injunction. The AI Defendants and AII rely heavily on their ability to market and advertise through social media. The evidence in the record establishes that their inability to do so has had a negative impact on their reputation and business. See generally Ardis Health, LLC v. Nankivell , No. 11 CIV. 5013 NRB, 2017 WL 1407894, at *2 (S.D.N.Y. Oct. 19, 2011) (observing that there was "unquestionably ... a negative effect" on the reputation of a company which depended heavily on online presence to advertise after the company's former employee refused to transfer social media accounts' passwords back to company); see also, c.f. , Order Granting Plaintiff's Motion for Preliminary Injunction to Enjoin Defendant, Linen v. Dutta-Roy , No. 1:12-CV-3198-TWT, 2013 WL 11232281 (D.E. 53) (N.D. Ga. Mar. 28, 2013) (granting injunction that prohibited the Defendant from "[t]ransferring ownership of the .... domain name to anyone, other than the Plaintiff.").
9. Under the third element, the Court finds that the harm suffered by the AI Defendants and AII in the absence of an injunction would exceed the harm suffered by MasterMind if the injunction is issued. In particular, the Court finds that the harm suffered by MasterMind by undertaking the task of collecting the login information for sixteen social media accounts ought to be minimal.
10. Finally, under the fourth element, the Court finds that an injunction would not disserve the public interest. To the contrary, the Court finds that an injunction will promote the public interest insofar as it will permit educational institutions to openly communicate with its students and prospective students through social media.
WHEREFORE , the Court hereby ORDERS that MasterMind, including any of its parent companies, subsidiaries, affiliates, agents, or employees, through counsel of record for MasterMind, transfer to all counsel of record for the AI Defendants and AII by email, by 3:30 p.m. EDT on Friday, July 12, 2019, the login information to the sixteen social media accounts listed on Exhibit 1, attached hereto. "Login information" includes, but is not limited to, the current usernames, email addresses, passwords, and any other information necessary to enable the AI Defendants and AII to access and exercise complete control over said social media accounts.
In complying with this Order, MasterMind shall not be required to provide to the AI Defendants or AII access to MasterMind's LastPass account or additional training or education.
SO ORDERED , this 11th day of July, 2019
EXHIBIT 1
*1296 Compus: Email Address associated with account/log-in Username Current Password Notes National Instagram National Twitter Atlanta Instagram Atlanta Twitter Austin Instagram Austin Twitter Dallas Instagram Dallas Twitter Houston Instagram Houston Twitter Miami Instagram Miami Twitter San Antonio Instagram San Antonio Twitter Tampa Instagram No Twitter Virginia Beach Instagram No Twitter